**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>LANCE MILLER,<br><br>        Defendant. | No. CR 09-4014-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE** |

_____

This case is before the court on defendant Lance Miller's October 19, 2009, Motion In Limine (docket no. 28). Miller was indicted on March 18, 2009, on one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and two counts of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Indictment (docket no. 1). His jury trial on these charges is set to begin on November 2, 2009. Miller now seeks to exclude evidence of his conviction in April 2004 of a charge of fifth degree theft, in violation of IOWA CODE § 714.1(6), for issuing a check for $5.11 on a closed bank account to a grocery store. Miller pleaded guilty to the charge, and paid restitution of $13.11, a fine of $50.00, and court costs.

Miller acknowledges that Rule 609(a)(2) of the Federal Rules of Evidence permits admission of a witness's prior conviction, regardless of punishment, "if it can readily be determined that establishing the elements of the crime require proof or admission of an act of dishonesty or false statement by the witness." Nevertheless, he contends that a violation of IOWA CODE § 714.1(6) does not per se involve dishonesty or false statement and that the conviction at issue here will add nothing to the factfinder's ability to judge his credibility

or propensity for truthfulness, should he testify. He also contends that misdemeanor offenses for "insufficient funds checks" are never counted in the criminal history unless they involve probation for more than one year or imprisonment of at least 30 days pursuant to U.S.S.G. § 4A1.2(c)(1). Thus, he argues that the prosecution should not be allowed to present evidence of this conviction it its case in chief or to impeach him with this conviction if he chooses to testify.

The prosecution, however, cites various decisions as admitting evidence of "bad check" convictions pursuant to Rule 609(a)(2) and contends that, because the bad check charge involved writing a check on a closed account, IOWA CODE § 714.1(6) permits the factfinder to "infer from such fact that the maker knew that the instrument would not be paid on presentation." Thus, the prosecution asserts that the prior conviction at issue here does involve dishonesty and false statement, such that it is admissible pursuant to Rule 609(a)(2) for impeachment purposes.

Rule 609 of the Federal Rules of Evidence, concerning "impeachment by evidence of conviction of crime," provides, in pertinent part, as follows:

> **(a)** General rule.—For the purpose of attacking the character for truthfulness of a witness,
>
> * * *
>
> (2) evidence that any witness has been convicted of a crime *shall be admitted* regardless of the punishment, if it readily can be determined that establishing the *elements of the crime required proof or admission of an act of dishonesty or false statement* by the witness.

FED. R. EVID. 609(a)(2) (emphasis added). As the Eighth Circuit Court of Appeals recently explained, "Evidence of a conviction requiring proof or admission of an act of dishonesty or false statement is automatically admissible [pursuant to Rule 609(a)(2)] and not subject to Rule 403 balancing by the court." *United States v. Collier*, 527 F.3d 695,

2

700 (8th Cir. 2008) (citing cases so holding); *but see Jones v. Board of Police Comm'rs*, 844 F.2d 500, 505 (8th Cir. 1988) (it is theoretically possible that, in a civil case, evidence of prior convictions admissible under Rule 609 without any balancing test could be excluded under the balancing test of Rule 403).

The Eighth Circuit Court of Appeals has also explained what is meant by "crime requir[ing] proof or admission of an act of dishonesty or false statement" within the meaning of Rule 609(b) as follows:

> According to the Advisory Committee Notes on the 1990 Amendment to Rule 609(a)(2), by "dishonesty and false statement," the Conference Committee meant "crimes such as perjury, subornation or perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." . . . A crime that includes the statutory element of intent to defraud by definition involves some element of deceit, which would bear upon one's propensity to testify truthfully. Crimes containing a statutory element requiring proof of deceit are considered acts of dishonesty or false statement under Rule 609(a)(2). 3 Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, *Federal Rules of Evidence Manual* § 609.02[4] (LexisNexis 9th ed.2006).

*Collier*, 527 U.S. at 699. The Eighth Circuit Court of Appeals has determined that various crimes necessarily involve the element of "dishonesty or false statement" required by Rule 609(a)(2) *Id.* (conviction for the sale or receipt of an access card to defraud); *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 816 (8th Cir. 2003) (receiving stolen property); *United States v. Jackson*, 696 F.2d 578, 589 (8th Cir. 1982) (transporting forged securities); *and compare United States v. Yeo*, 739 F.2d 385, 387-88 (8th Cir. 1984) ("theft" is not a crime of "dishonesty or false statement" within the meaning of Rule 609(a)(2), apparently because it only involves stealth and demonstrates a lack of respect

3

for the persons or property of others, but a specific theft offense may be admissible pursuant to Rule 609(a)(2), if the prosecution proves that the particular conviction involved fraud or deceit); *United States v. Elk*, 682 F.2d 168, 170 n.3 (8th Cir. 1982) (affirming the trial court's conclusion that "petty theft," for taking gunpowder from the defendant's father's garage, was not admissible pursuant to Rule 609(a)(2)); *United States v. Riley*, 657 F.2d 1377, 1390 n.19 (8th Cir. 1981) ("a prior conviction of theft is not automatically admissible as impeaching evidence under Fed.R.Evid. 609(a)(2)"). Unfortunately, the Eighth Circuit Court of Appeals has not determined whether "bad check" charges can "readily be determined" to involve the required element of "dishonesty or false statement."

Miller relies on *United States v. Barb*, 20 F.3d 694, 695 (6th Cir. 1994), in which the Sixth Circuit Court of Appeals held that a conviction under a Tennessee "bad check" statute that prohibits writing a check "knowing at the time there are not sufficient funds" is not, per se, a crime of dishonesty and adds nothing to the factfinder's ability to judge the credibility of the witness. He also relies on *United States v. Cunningham*, 638 F.2d 696, 699 (4th Cir. 1981), in which the Fourth Circuit Court of Appeals held that "worthless check" charges could conceivably involve circumstances, such as forgery or false pretenses, that would involve "dishonesty or false statement," but could also involve conduct as innocuous as a check returned for insufficient funds. The prosecution responds that other courts have found that "bad check" convictions are admissible under Rule 609(a)(2), citing *United States v. Rogers*, 853 F.2d 249, 252 (4th Cir. 1988) (one North Carolina "worthless check" statute requires "intent to cheat and defraud," and another requires knowledge that the maker or drawer has insufficient funds, and the North Carolina Supreme Court had concluded that a check is a representation that there are sufficient funds that, if known to be untrue, is a false pretense); *United States v. Kane*, 944 F.2d 1406, 1412 (7th Cir. 1991) (delivering a check knowing that it will not be paid or honored, as prohibited by an Indiana statute, is a crime of dishonesty); *Wagner v. Firestone Tire &*

4

*Rubber Co.*, 890 F.2d 652, 655 n.3 (3d Cir. 1989) (concluding that convictions for passing bad checks and forgery "involved dishonest activity," so that they were "clearly admissible for the purpose of impeachment" under Rule 609(a)(2)); and *United States v. Mucci*, 630 F.2d 737, 743 (10th Cir. 1980) (an Ohio statute making it a misdemeanor for "(a) person, with purpose to defraud, (to) issue . . . or cause to be issued or transferred a check or negotiable instrument, knowing that it would be dishonored," defined an offense admissible under Rule 609(a)(2)).

The cases cited by the parties and others that the court has discovered demonstrate that there is a split in the circuits as to what kinds of "bad check" offenses, if any, may fall within the scope of Rule 609(a)(2). *Compare United States v. Kelly*, 510 F.3d 433, 438-39 (a "worthless check" conviction, without more, did not fit within the narrow class of cases, defined by Rule 609(a)(2), that by their nature bear directly on a witness's propensity to testify truthfully, and the party wishing to assert the "worthless check" conviction against a witness had failed to show the trial court that the witness's offense required dishonesty or false statement, and that party did not argue until appeal that the state statute under which the witness had been convicted required "knowing . . . that the maker or drawer thereof has not sufficient funds," so that argument was waived); *with United States v. Arhebamen*, 197 Fed.Appx. 461, 466-67 (6th Cir. 2006) (the convictions for drawing on insufficient funds and drawing a check without a bank account, under Michigan law, at issue all required intent to defraud and, therefore, were admissible under Rule 609(a)(2)). Although it is clear that "bad check" statutes requiring proof of "intent to deceive" would satisfy the "dishonesty or false statement" requirement for admissibility under Rule 609(a)(2), the cases cited above show that courts have not all agreed that offenses involving only "knowledge" that the check would not be paid fall within Rule 609(a)(2).

The "bad check" statute at issue here, IOWA CODE § 714.1, in pertinent part, provides as follows:

> A person commits theft when the person does any of the following:
>
> * * *
>
> 6. Makes, utters, draws, delivers, or gives any check, share draft, draft, or written order on any bank, credit union, person, or corporation, and obtains property, the use of property, including rental property, or service in exchange for such instrument, *if the person knows that such check, share draft, draft, or written order will not be paid when presented.*
>
> Whenever the drawee of such instrument has refused payment because of insufficient funds, and the maker has not paid the holder of the instrument the amount due thereon within ten days of the maker's receipt of notice from the holder that payment has been refused by the drawee, the court or jury may infer from such facts that the maker knew that the instrument would not be paid on presentation. Notice of refusal of payment shall be by certified mail, or by personal service in the manner prescribed for serving original notices.
>
> Whenever the drawee of such instrument has refused payment because the maker has no account with the drawee, the court or jury may infer from such fact that the maker knew that the instrument would not be paid on presentation.

IOWA CODE § 714.1(6).

Contrary to the prosecution's assertions, the court does not see how the *permissible inference* of knowledge established in the last paragraph quoted above adds any more support to the prosecution's contention that a "closed account" offense under the statute involves "dishonesty or false statement" than the first paragraph quoted above, which defines the offense as *requiring* knowledge that the check will not be paid when presented.

6

The real question is whether this "knowledge" requirement is sufficient to meet the requirements of Rule 609(a)(2). Under some of the federal cases cited above, it clearly is. However, it is also clear from the cases cited above that it is appropriate to see whether the Iowa Supreme Court has construed a "bad check" offense under IOWA CODE § 714.1(6) as involving "dishonesty or false statement."

The Iowa Supreme Court has suggested that "bad check" offenses under IOWA CODE § 714.1(6) *do* involve conduct that would fall within the scope of Rule 609(a)(2)'s "dishonesty or false statement" requirement. *See, e.g., State v. McFadden*, 467 N.W.2d 578, 581 (Iowa 1991) (noting that "'the gist of the offense under section 714.1(6) is obtaining something of value through deception,'" (quoting *State v. James*, 310 N.W.2d 197, 200-01 (Iowa 1981)), *overruled on other grounds by State v. Hogrefe*, 557 N.W.2d 871 (Iowa 1996); *State v. Smith*, 300 N.W.2d 90, 92-93 (Iowa 1981) (theft by check under § 714.1(6) is established when something of value is obtained by deception, and deception "is established by obtaining something of value through the use of a check which the perpetrator knows is worthless. This guilty knowledge is the mens rea of the offense."); *see also Committee on Professional Ethics and Conduct of the Iowa State Bar Ass'n v. Cody*, 412 N.W.2d 637, 639-40 (Iowa 1987) (citing *Smith*, 300 N.W.2d at 92-93, and holding that "the deception or guilty knowledge required for conviction under section 714.1(6) equates with the fraudulent or dishonest intent elements of moral turpitude proscribed in DR 1-102(A)(3) and EC 1-5, and with the dishonest element proscribed by DR 1-102(A)(4)).

Under the circumstances, the court must conclude that a "bad check" offense under IOWA CODE § 714.1(6) is one in which "it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness," FED. R. EVID. 609(a)(2), because the guilty knowledge requirement—knowledge that the check will not be paid when presented—requires proof

7

of dishonesty or false statement. Thus, Miller's "bad check" offense is admissible for impeachment purposes pursuant to Rule 609(a)(2), if he testifies. As noted above, despite the relative triviality of the prior conviction, a Rule 403 balancing test is inapplicable to evidence of a prior conviction that is admissible under Rule 609(a)(2). *Collier*, 527 F.3d at 700. On the other hand, although the court is ordinarily reluctant to allow evidence of the circumstances of a prior conviction, the court finds it appropriate here, in the interests of fairness, to allow the defendant, at his option, to develop evidence of the circumstances of his prior conviction, if he testifies and the prosecution impeaches him with this prior conviction.

THEREFORE, defendant Miller's October 19, 2009, Motion In Limine (docket no. 28) is **denied**. If the defendant testifies, the prosecution may offer evidence of defendant Miller's prior conviction for fifth degree theft, in violation of IOWA CODE § 714.1(6), for issuing a check on a closed account as impeachment evidence pursuant to Rule 609(a)(2). However, if such evidence is presented, the defendant will be permitted, at his option, to develop evidence of the circumstances of his prior conviction.

**IT IS SO ORDERED.**

**DATED** this 30th day of October, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA