# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LANCE MILLER,<br><br>    Defendant. | No. CR 09-4014-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO VACATE CONVICTION** |

_____

## I. INTRODUCTION AND BACKGROUND

This case is before the court on defendant Lance Miller's January 13, 2010, Motion To Vacate Conviction (docket no. 58). Miller was indicted on March 18, 2009, on one count of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and two counts of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). Indictment (docket no. 1). His jury trial on these charges begin on November 2, 2009. On November 3, 2009, the jury returned a verdict in which it found defendant Miller guilty of each of the three charged offenses. On January 13, 2010, defendant Miller filed his Motion to Vacate conviction in which he argues that his conviction for both receipt of child pornography in Count 1 and possession of child pornography in Count 2 violates the Double Jeopardy Clause because the conduct underlying each offense is the same. The prosecution filed its resistance to defendant Miller's motion on January 19, 2010. The prosecution, while conceding that the same video taken from a Compaq Presario computer (Gov't Ex. No. 1) formed the basis for defendant Miller's convictions on both Count 1 and Count 2, argues that because Congress

clearly intended to authorize cumulative punishment for the crimes of receiving child pornography and possession child pornography, defendant Miller's convictions on those two counts do not violate double jeopardy.

## II. ANALYSIS

"The Double Jeopardy Clause of the Fifth Amendment provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *United States v. Lara,* 324 F.3d 635, 637 (8th Cir. 2003) (quoting the Fifth Amendment). The Double Jeopardy Clause "embodies two vitally important interests." *Yeager v. United States*, 129 S. Ct. 2360, 2365 (2009). "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy,* 456 U.S. 667, 671 (1982) (footnote omitted); *United States v. Curry,* 328 F.3d 970, 972 (8th Cir. 2003) (quoting *Kennedy*). What is more, the Double Jeopardy Clause "protects a defendant from 'both successive prosecutions and multiple punishments for the same criminal offense.'" *United States v. Kehoe,* 310 F.3d 579, 587 (8th Cir. 2002) (quoting *United States v. Bennett,* 44 F.3d 1364, 1368 (8th Cir. 1995), in turn citing *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)), *cert. denied,* 123 S. Ct. 2112 (2003); *United States v. Bennett*, 561 F.3d 799, 802 (8th Cir. 2009) (Double Jeopardy Clause "'protection applies both to successive punishments and to successive prosecutions for the same criminal offense.'") (quoting *United States v. Dixon,* 509 U.S. 688, 696 (1993).

In the context of a single prosecution for multiple offenses, the Eighth Circuit Court of Appeals has explained that,

> To show a violation of the Double Jeopardy Clause, a defendant must prove that the offenses for which he is

2

> prosecuted and punished are the same offense in both law and fact. [ *Bennett,* 44 F.3d at 1368] (citation omitted). Offenses are not considered the "same," if "each of the offenses . . . requires proof of a different element." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); *United States v. Dixon,* 509 U.S. 688, 696-97, 113 S. Ct. 2849, 125 L. Ed. 2d 556 (1993).

*Kehoe,* 310 F.3d at 587. Thus, the focus of analysis for a double-jeopardy challenge in this context is whether the multiple offenses are really the "same" offense.

Although the Eighth Circuit Court of Appeals has not ruled on the issue of whether convictions for both "receiving" and "possessing" child pornography violate the Double Jeopardy Clause, all three federal circuit courts of appeals to consider that issue to date have unanimously concluded that convictions for both receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) offend double jeopardy when the conduct underlying both offenses is the same. *See United States v. Bobb*, 577 F.3d 1366, 1374-75 (11th Cir. 2009); *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008); *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008); *cf. United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) (assuming without deciding that possession is a lesser-included offense of receiving child pornography under § 2252A). As the court in *Bobb* explained:

> Accepting the proposition that, if a person takes "receipt" of a thing, they necessarily must "possess" the thing, we find that these provisions, indeed, proscribe the same conduct; by proving that a person "knowingly receives" child pornography, the Government necessarily proves that the person "knowingly possesses" child pornography. *See Blockburger,* 284 U.S. at 304, 52 S. Ct. at 182 (stating that the test for determining whether there have been multiplicitous convictions for the same offense focuses on the statutory

3

> elements of the offenses to determine if each requires proof of a fact that the other does not).
>
> Next, we must consider whether Congress clearly intended to punish a defendant for both "receipt" and "possession" when it enacted the two provisions. *See Albernaz v. United States,* 450 U.S. 333, 340, 101 S. Ct. 1137, 1143, 67 L. Ed. 2d 275 (1981) ("The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.") "In resolving . . . [a] contention that Congress did not intend to authorize multiple punishment for violations of [two distinct statutes], our starting point must be the language of the statutes. Absent a 'clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.'" *Id.* at 336, 101 S. Ct. at 1141 (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S. Ct. 2051, 2056, 64 L. Ed. 2d 766 (1980)). After considering the plain text of the statute and the relevant legislative history, we find no "clear indication of [ ] legislative intent" to impose multiplicitous punishment for "receipt" and "possession" of child pornography. *See* H.R. Conf. Rep. No. 104-863, at 28-34 (1996) (discussing the Child Pornography Prevention Act of 1996); *see also* H.R. Conf. Rep. No. 95-811, at 5-7 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 69, 69-71 (1977) (addressing provisions similar to § 2252A); S. Rep. 95-438, at 1-34 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 40, 40-69 (same).

*Bobb*, 577 F.3d at 1373-74. While these federal circuit courts of appeals's decisions are obviously not controlling on this federal district court, the court nonetheless finds them persuasive authority which will be followed in this case.

The prosecution argues that because Congress clearly intended to authorize cumulative punishment for the crimes of receiving child pornography and possessing child pornography, defendant Miller's convictions do not violate double jeopardy. In support of its position, the prosecution directs the court's attention to the dissent in *Davenport*. The court is not persuaded and agrees with the majority's view that "[t]hough the dissent's construction of Congress's intent might be plausible, it cannot be said that Congress "clearly" intended it, especially in light of alternate, plausible interpretations." *Davenport*, 519 F.3d at 947. Accordingly, the court grants defendant Miller's motion and will vacate Miller's conviction on one of the two counts. Therefore, the question the court must next decide is which count to vacate.

Defendant Miller argues that the court should dismiss Count 1, the receipt count, while the prosecution counters that the court should dismiss Count 2, the possession count. As defendant Miller concedes, in cases involving convictions for both Continuing Criminal Enterprise and conspiracy offenses, the Eighth Circuit has shown a preference for vacating the lesser included offense. *See United States v. Johnson*, 495 F.3d 951, 980-81 (8th Cir. 2007) (remanding for vacation of lesser included conspiracy murder charge), *cert. denied*, 129 S. Ct. 756 (2008). This is in keeping with the convention in most circuits that the lesser included charge should be dismissed. *See United States v. Jose,* 425 F.3d 1237, 1247 (9th Cir. 2005) (holding that if a jury convicts on both the greater and lesser included offenses, the trial court should vacate the lesser included conviction); *United States v. Brito,* 136 F.3d 397, 408 (5th Cir. 1998) ("It is well settled that in cases of double jeopardy arising from the simultaneous charging of [and conviction for] a greater and a lesser included offense, we dismiss the lesser included offense."); *United States v. McSwain*, 197 F.3d 472, 483 (10th Cir. 1999) (holding that drug conspiracy is a lesser included offense of continuing criminal enterprise and ordering the conspiracy count

5

vacated); *United States v. Boyd*, 131 F.3d 951, 954-55 (11th Cir. 1997) ("The proper remedy for convictions on both greater and lesser included offenses is to vacate the conviction and the sentence of the lesser included offense."); *United States v. Rosario*, 111 F.3d 293, 301 (2d Cir. 1997) (ordering the vacation of the lesser included offense of conspiracy to distribute narcotics). The court concludes that vacating the lesser included possession charge here is appropriate because it is in keeping with ongress's legislative intent to permit greater punishment for those convicted of receiving child pornography than those who merely possess it. Accordingly, the court grants defendant Miller's Motion To Vacate Conviction and vacates his conviction for possession of child pornography in Count 2.

**IT IS SO ORDERED.**

**DATED** this 20th day of January, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA